PER CURIAM.
The claimant seeks review of an order of the Unemployment Appeals Commission which found her to be disqualified from receipt of benefits. The claimant did not appear at the hearing before the appeals referee and the employer presented evidence. The appeals referee found for the claimant based on that evidence but the UAC disagreed and reversed. In this appeal, the claimant argues that she did not receive proper notice of the hearing before the appeals referee. The Commission moves this court to relinquish jurisdiction to it so it can remand to the appeals referee to make findings regarding notice to the claimant regarding the hearing.. If the claimant did not receive notice, she lost the opportunity to present evidence which might have led to a different result before the Unemployment Appeals Commission. Even if the appeals referee finds that the claimant did receive proper notice, such finding should be included in an amended UAC order. Accordingly, we treat the motion to relinquish jurisdiction as a concession of error and reverse and remand to the Commission for further proceedings. See Stacey v. Department of Professional Regulation, Board of Nursing Home Administrators, 547 So.2d 241 (Fla. 1st DCA 1989).
BENTON, C.J., HAWKES and WETHERELL, JJ., concur.